UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CAITLYN MASON,<br><br>    Plaintiff,<br><br>v.<br><br>THE STARK COLLECTION AGENCY, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:23-cv-01298<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** CAITLYN MASON ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of THE STARK COLLECTION AGENCY, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff bring this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) as Plaintiff resides in the Eastern District of Wisconsin and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant, resided in the Eastern District of Wisconsin.

5. Defendant is a full-service accounts receivable solutions firm that collects debts owed or asserted to be owed. Defendant is a furnisher of information to the major credit reporting agencies. Defendant's principal place of business is located at 402 Gammon Pl., Suite 240, Madison, Wisconsin 53719.

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around May 2019, Defendant obtained the collection rights to collect on an alleged defaulted debt owed to Forest Glen Apartments for $954.57 ("subject debt").

7. On May 21, 2019, Defendant began reporting the subject debt to Plaintiff's consumer credit reports with a balance of $965.

8. Upon information and belief, in or around June 2023, IQ Data International ("IQ Data") acquired the rights to collect on the subject debt.

9. On June 2, 2023, IQ Data began reporting the subject debt to Plaintiff's consumer credit reports with a balance of $1,178.

10. In July 2023, Plaintiff noticed that IQ Data and Defendant were reporting the same subject debt.

11. On August 29, 2023, Plaintiff then took the initiative to send formal written disputes to Experian and Transunion, disputing Defendant's double collection reporting of the subject debt.

12. Specifically, Plaintiff stated that Defendant and IQ Data are reporting on the same debt, as there should only be one in collections for the subject debt. Furthermore, Plaintiff asked Experian to correct the inaccurate reporting.

13. Upon information and belief, Defendant received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Experian and Transunion. *See* 15 U.S.C. § 1681i(a)(2).

14. Despite IQ Data acquiring rights to the subject debt, Defendant continued to report the subject debt in collections to Plaintiff's consumer credit reports, representing that it was also attempting to collect the subject debt from Plaintiff.

15. Following her disputes with Experian and Transunion, Defendant failed to reasonably investigate Plaintiff's claims. In spite of the fact Defendant was reporting the subject debt, despite the subject debt being acquired by IQ Data, Defendant verified the erroneous and misleading subject debt by continuing to report the subject debt to Plaintiff's Experian credit file.

16. Any reasonable investigation by Defendant would have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

17. Defendant failed to reasonably investigate Plaintiff's credit disputes. Specifically, Defendant continued to report a duplicate collection account to Plaintiff's credit files, after Plaintiff communicated and notified Experian, Transunion and Defendant that subject debt was being reported twice in collections with a balance of $965.

18. Although the trade line was to be deleted, Defendant continued to report the materially inaccurate and misleading subject debt to Plaintiff's consumer credit file.

19. Defendant has been reporting inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consists of a duplicate subject debt and trade line to Plaintiff's credit files as of September 27, 2023.

20. To this date, Defendant continues to inaccurately report the subject debt as to Plaintiff's consumer credit files.

21. The reporting of the Defendant trade line is patently inaccurate and materially misleading because the subject debt was acquired by IQ Data and Defendant continued reporting the same subject debt along with IQ Data in collections.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

22. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to their ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

24. As a result of the conduct, actions, and inactions of the Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating misleading account activity, time and expenses reasonably incurred to prevent future misleading activity, credit monitoring, constant vigilance in detecting misleading account activities, out-of-pocket expenses, the loss of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, tracking the status of her disputes, monitoring her credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the subject debt

25. Due to the conduct of Defendant, Plaintiff were forced to retain counsel to correct the inaccuracies in her credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff restates and reallages paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

28. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

29. Defendant is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2 and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

30. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

31. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

32. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian, Transunion, and Plaintiff pursuant to 15 U.S.C. § 1681i(a)(2).

33. Had Defendant reviewed the information provided by Experian, Transunion, and Plaintiff, it would have corrected the inaccurate designation of the subject debt, and transmitted the correct information to Experian, Transunion, and Plaintiff. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

34. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian and Transunion.

35. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian and Transunion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

36. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information in Plaintiff's Experian and Transunion credit files.

37. Defendant failed to conduct a reasonable investigation of its reporting of the subject debt by correcting the inaccurate information from Plaintiff's Experian and Transunion credit files within 30 days of receiving notice of the disputes from Experian and Transunion under 15 U.S.C. § 1681i(a)(1).

38. Despite the blatantly obvious errors in Plaintiff's Experian and Transunion credit files, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

39. A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian and Transunion credit files.

40. Had Defendant taken steps to investigate Plaintiff's valid disputes or Experian or Transunion's requests for investigation, it would have permanently corrected and deleted the erroneous and misleading double credit reporting.

41. By deviating from the standards established by the credit card industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

42. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CAITLYN MASON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate

6

Case 2:23-cv-01298-JPS     Filed 09/29/23     Page 6 of 10     Document 1

the aforementioned statute;

b. An order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

45. The subject debt qualifies as a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

46. Defendant is a "debt collector" as defined by § 1692a(6) because it regularly collects debts owed or due or asserted to be owed or due another.

7

47. Defendant qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default or in the alternative, treated the subject debt as if it was in default. *See* 15 U.S.C. § 1692a(6).

48. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

49. Defendant violated 15 U.S.C. §§ 1692e(2), e(8), e(10), and f, through its debt collection efforts on the subject debt.

    a.    **Violations of FDCPA § 1692e**

50. Defendant violated § 1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed to Defendant after it was acquired by IQ Data. However, Defendant continued to report the subject debt to Plaintiff's consumer credit files. Specifically, IQ Data acquired the rights to collect on the subject debt and began reporting the subject debt to Plaintiff's consumer credit files. Following IQ Data's acquisition, Defendant continued to report the subject debt to Plaintiff's consumer credit file as in collections, with a balance of $965.

51. Defendant violated § 1692e(8) by threatening and communicating patently false credit information to Experian that it knew, or should have known, to be false by inaccurately reporting of the subject debt. This information was inaccurate and misleading because the subject debt was acquired by IQ Data and reported to Plaintiff's credit reports by IQ Data. Therefore, Defendant continued to report a duplicate collection account in Plaintiff's credit files despite no longer holding the rights to collect the subject debt from Plaintiff.

52. Defendant had actual knowledge that the subject debt was inaccurate because it received notices of Plaintiff's disputes from Plaintiff and Experian.

53. Defendant violated § 1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed to Defendant after it was acquired by IQ Data; however, Defendant continued reporting the subject debt as a duplicate collection account to Plaintiff's consumer credit file.

b. **Violations of FDCPA § 1692f**

54. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt no longer owed to Defendant when it continued reporting the subject debt to Plaintiff's consumer credit report after the subject debt was acquired by IQ Data. Plaintiff did not have any legal obligation to pay Defendant. Instead, Defendant tried to dragoon Plaintiff into making a payment by reporting the subject debt to her consumer credit report and to compel her into believing she is obligated to pay the subject debt despite it being acquired by IQ Data.

55. Upon information and belief, Defendant has no system in place to identify and correct collection of debts that was not owed.

56. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE,** Plaintiff CAITLYN MASON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k;

d. Enjoin Defendant from further contacting Plaintiff; and

e. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands a trial by jury.**

Date: September 29, 2023                Respectfully submitted,

                           /s/ Marwan R. Daher
                           Marwan R. Daher, Esq.
                           Sulaiman Law Group, Ltd.
                           2500 S. Highland Ave., Ste. 200
                           Lombard, IL 60148
                           Telephone: (630) 575-8181
                           Facsimile: (630) 575-8188
                           mdaher@sulaimanlaw.com
                           *Counsel for Plaintiff*