UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CAITLYN MASON,<br><br>    Plaintiff,<br><br>v.<br><br>THE STARK COLLECTION AGENCY, INC.<br><br>    Defendant. | Case No.: 2:23-cv-01298-JPS<br><br>Honorable Judge J.P. Stadtmueller |

## JOINT RULE 26(f) REPORT

Plaintiff Caitlyn Mason ("Plaintiff"), and Defendant The Stark Collection Agency, Inc. ("Defendant"), by and through their undersigned counsel, submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16, and this Court's November 30, 2023 Pretrial Procedures Order.

    **A.**    **Nature of the case in 1 to 2 sentences:**

**Plaintiff:** Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 et seq., by reporting inaccurate and duplicate information regarding Plaintiff to the credit reporting agencies.

**Defendant:** This action arises out of Plaintiff's allegations that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt Collection Act ("FDCPA") 15 U.S.C. § 1692 et. seq. when Defendant reported and collected on a defaulted debt owed by the Plaintiff to her landlord Forest Glen Apartments. Defendant

1

denies any liability to Plaintiff under the FCRA, FDCPA or any other statute, law, or theory in this matter. Defendant complied with the FCRA, FDCPA and all relevant laws.

**B.     Contemplated Motions:**

 **1.     Motion regarding the pleadings.** None

 **2.     Motion for class certification.** Plaintiff does not intend on filing a motion for class certification.

 **3.     Motion for summary disposition.** Parties propose that they will file any motions for summary judgment on or before **August 1, 2024**.

**C.     Discovery Plan:** The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. 26(f)(3)(A)-(F)

 **1.     Rule 26(a)(1) initial disclosures.** The parties agree to exchange initial disclosures on or before **January 17, 2024**. The parties do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

 **2.     Subjects and completion of discovery.** The Parties agree it is unnecessary to conduct discovery in phases or be limited or focused on particular issues.

The subjects on which discovery may be needed include, among other things, the following: (1) communications between Plaintiff and Defendant; (2) Communications between Defendant and Forest Glen Apartments; (3) Defendant communications with IQ Data; (4) Defendant's internal records and account notes regarding Plaintiff and subject account; (5) Defendant's communications with the credit reporting agencies Experian and Transunion; (6) Defendant's reporting of the subject account to the Credit Reporting Agencies; (7) the number of the putative class members; (8) Defendant's attempt to collect

subject debt; (9) Plaintiff's alleged damages; and (10) facts relating to Defendant's affirmative defenses.

The parties agree to complete all discovery on or before **July 19, 2024**.

**3.** **Discovery of ESI.** The parties agree that electronically stored information (ESI) may be requested in this case. The parties agree to discuss the format of the production of ESI prior to the production of such information if such production is voluminous, and to produce ESI in a mutually agreed upon format, or if no agreement, in the format in which it is stored in the ordinary course of business. The parties do not anticipate any issues related to the disclosure or discovery of ESI but will promptly address any issues that do arise.

**4.** **Issues relating to privilege.** The parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information.

**5.** **Discovery Limitations.** The parties do not propose any additional changes to the limitations on discovery set forth by the Federal Rules or by the Local Rules at this time.

**6.** **Other orders relating to discovery.** The parties do not contemplate any additional orders that should be entered by the Court other than the Scheduling Order and a forthcoming stipulated protective order regarding confidentiality based on this Court's model protective order.

**D.** **Settlement Discussions:** Plaintiff and Defendant have engaged in settlement discussions but have been unable to reach a settlement.

**E.** **Basis for the Court's Subject Matter Jurisdiction:** Plaintiff contends that the Court has federal question jurisdiction over Plaintiff's FCRA and FDCPA claim.

**F. Case Exemptions:** This case is not exempted from initial disclosures and discovery conference pursuant to Fed. R. Civ. P. 26(a)(1)(B) and 26(f).

**G. Other Matters That May Affect Further Scheduling of the Case for Final Disposition:** None

**H. Electronic Service.** The parties' consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

**I. Electronic Copies.** The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form, that produced documents are bates-numbered, and that copies of all proposed findings of fact as required by the Court's standing order shall be provided and/or served electronically.

**J. Protective Order**. The parties will promptly seek from the Court the entry of a Protective Order governing confidential information, in a form to be agreed upon by the parties.

[**Signature Page Follows**]

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| By: /s/ Marwan R. Daher<br>Marwan R. Daher, Esq.<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave., Ste. 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181<br>Facsimile: (630) 575-8188<br>mdaher@sulaimanlaw.com | By: s/ Jessica L. Klander<br>Jessica L. Klander (MN #392290)<br>Patrick D. Newman (WI #1093942)<br>Madeline M. Gustafson (MN #402040)<br>Bassford Remele, P.A.<br>100 South 5th Street, Suite 1500<br>Minneapolis, MN 55402-1254<br>T: (612) 333-3000<br>F: (612) 333-8829<br>jklander@bassford.com<br>pnewman@bassford.com<br>mgustafson@bassford.com<br><br>Dated: December 7, 2023 |